SEYFARTH SHAW LLP
William J. Dritsas (SBN 97523)
wdritsas@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, CA 90017
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendants
RESIDENCE INN BY MARRIOTT, LLC, and
MARRIOTT INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA ARGELIA ARIAS, individually and on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESIDENCE INN BY MARRIOTT, LLC, a Delaware limited liability company; MARRIOTT INTERNATIONAL, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:18-cv-8818<br><br>**DEFENDANTS RESIDENCE INN BY MARRIOTT, LLC'S AND MARRIOTT INTERNATIONAL, INC.'S REMOVAL TO FEDERAL COURT** |

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF BLANCA ARGELIA ARIAS AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Residence Inn By Marriott, LLC, and Marriott International, Inc. ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. sections 1332(d)(2) and 1453, to effect the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California. This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

## BACKGROUND

On August 23, 2018, Plaintiff BLANCA ARGELIA ARIAS ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles entitled, "*BLANCA ARGELIA ARIAS v. RESIDENCE INN BY MARRIOTT, LLC, a Delaware limited liability company; MARRIOTT INTERNATIONAL, INC., a Delaware corporation; and DOES 1 through 20, inclusive*" ("Complaint"); Case No. BC719073. A true and correct copy of all process, pleadings, notices and orders received by Defendants in this action are attached as **Exhibit A** hereto, as required by 28 U.S.C. section 1446(a) and are incorporated by reference as though fully set forth herein.

Plaintiff's Complaint alleges five purported causes of action as follows: (1) Failure to Pay Wages (Cal. Labor Code §§ 201, 226.7); (2) Failure to Provide Rest Periods (Cal. Labor Code §§ 226.7, 512); (3) Failure to provide Itemized Wage and Hour Statements (Cal. Labor Code §§ 226, et seq.); (4) Private Attorney General Act (Cal. Labor Code §§ 2699, et seq.); and (5) Unfair Competition (Bus. & Prof. Code § 1700 et seq.).

The Complaint seeks to certify a class of "[a]ll persons who have worked for [Defendants] who were subjected to individual wage and hour violations, during the

period within four years from the filing of this Complaint and continuing through trial." (Ex. A, Compl. ¶ 13.)

Defendants filed their Answer to the Complaint on October 11, 2018. A true and correct copy of the Answer is attached hereto as **Exhibit B**. Defendants have not filed any other pleadings or papers in this action prior to this Notice of Removal.

The exhibits listed above constitute all prior pleadings, process, and orders in Defendants' possession that were filed with the court in this matter.

## TIMELINESS OF REMOVAL

Without conceding that service of the Summons and Complaint was effective for purposes of 28 U.S.C. section 1446(b), this Notice of Removal is timely because it is being filed within thirty (30) days of Defendants' receipt of the Summons and Complaint on September 12, 2018, and within one (1) year of the commencement of this action. Thus, removal is timely pursuant to 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure 6(a).

## ORIGINAL JURISDICTION – CLASS ACTION FAIRNESS ACT

This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. section 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28 U.S.C. section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B); (**Exhibit C**, Decl. of Alexander Bergey in Support of Defendants' Notice of Removal ("Bergey Decl."), ¶ 5, 7.).

### Diverse Citizenship of the Parties

CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). In the instant case,

Plaintiff is a citizen of a state that is different from the state of citizenship of the Defendants.

**Plaintiff's Citizenship.** For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

Plaintiff ARIAS was and continues to be domiciled in California while she works for Defendant Residence Inn by Marriott, LLC in Los Angeles, California. (Compl. ¶ 3) In her Complaint, Plaintiff specifically alleges that "Plaintiff, Blanca Argelia Arias, is and all times relevant hereto was a resident of the County of Los Angeles, State of California." (Compl. ¶ 3.)

Additionally, Plaintiff brought this lawsuit against Defendants in Los Angeles County Superior Court. Therefore, Plaintiff was at all relevant times, and still is, a citizen and resident of the State of California.

**Defendants' Citizenship.**

Pursuant to 28 U.S.C. §1332(c), a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). Under the "nerve center" test, a corporation's principal place of business is the place where its "officers direct, control and coordinate the corporation's activities." *Id*. at 1192. A corporation typically directs, controls and coordinates its activities from its headquarters. *Id*.

**<u>Marriott International, Inc.:</u>** Marriott International, Inc. is a corporation. (**Exhibit D,** Declaration of Angela O'Davies (O'Davies Dec.") ¶ 2.) Marriott

3
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

50522002v.1

International, Inc. is now, and ever since this action commenced, has been organized under the laws of the State of Delaware. (*Id.*)  Marriott International, Inc.'s corporate headquarters and its executive offices are located in Bethesda, Maryland. (*Id.* at ¶ 3.)  It is there that Marriott International, Inc.'s high level officers direct, control, and coordinate Marriott International, Inc.'s activities.  Under the "nerve center" test, MI's principal place of business is Maryland.  Thus, Marriott International, Inc. is a citizen of both Delaware and Maryland.  28 U.S.C. §1332(c).

**Residence Inn By Marriott, LLC:**  Defendant Residence Inn By Marriott, LLC is a limited liability company.  (O'Davies Dec. ¶ 4.)  The citizenship of a limited liability company is the state where any member of the limited liability company is a citizen.  See *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Where the members of a limited liability company themselves are limited liability companies, citizenship is determined by examining the citizenship of each member LLC until a corporate or individual owner is reached.  *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App. 62, 64 (9th Cir. 2011).

Currently, and since the filing of the Complaint, Residence Inn By Marriott, LLC has had one member – Marriott Hotel Services, Inc. (*Id.* at ¶ 5.)  Marriott Hotel Services, Inc. is now, and ever since this action commenced, has been organized under the laws of the State of Delaware. (*Id.* at ¶6.)  Marriott Hotel Services, Inc.'s corporate headquarters and its executive offices are located in Bethesda, Maryland. (*Id.* at ¶ 7.)  Thus, Marriott Hotel Services, Inc. is a citizen of both Delaware and Maryland.  28 U.S.C. §1332(c).  As Marriott Hotel Services, Inc. is a citizen of Delaware and Maryland, Residence Inn By Marriott, LLC is a citizen of Delaware and Maryland.  28 U.S.C. section 1332(c).

Accordingly, Defendants are not currently citizens of California and were not citizens of California at the time that Plaintiff filed the Complaint

**Doe Defendants.** The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the existence of Doe defendants one through fifty does not deprive this Court of jurisdiction. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

### Amount in Controversy

CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

5
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

50522002v.1

The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000. The Complaint seeks relief on behalf of "[a]ll persons who have worked for [Defendants] who were subjected to individual wage and hour violations, during the period within four years from the filing of this Complaint and continuing through trial." (Ex. A, Compl. ¶ 13.) During the time period identified in the Complaint, Defendant Residence Inn by Marriott, LLC employed at least 2,193 nonexempt employees in California. (Bergey Decl., ¶ 5.) The average hourly rate of pay for these individuals is approximately $13.55 per hour during the proposed class period. (Bergey Decl., ¶ 4.)

Plaintiff alleges, among other claims, that "Defendants required the Plaintiffs [sic] and aggrieved employees to work through their rest breaks but did not pay lawful wages, in violation of the various above applicable Wage Orders, regulations, statutes and ordinances." (Compl. ¶ 29.) Plaintiff also alleges "Defendants and each of them, consistently violated Labor Code § 226 by failing to provide Plaintiff and members of the aggrieved employees accurate, itemized wage statements." (Compl. ¶ 31) Plaintiff further alleges that "Defendants routinely failed to pay Plaintiffs [sic] and other aggrieved employees minimum wages, overtime wages, compensation for missed rest and meal breaks and failed to pay wages for unused vacation time and sick leave." (Compl., ¶ 35.) Plaintiff claims that "Defendants failed and refused to provide Plaintiffs [sic] with uninterrupted rest periods, and failed to compensate Plaintiffs [sic] for missed rest periods." (Compl, ¶ 40.) Plaintiff further alleges that "At all relevant times, Defendants failed to provide the Plaintiffs with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiffs and all applicable hours and rates in effect during each pay period and corresponding number of hours worked at each hourly rate by Plaintiffs [sic]. Not one of the paystubs that Plaintiffs received complied with Labor Code § 226." (Compl, ¶ 48.)

Plaintiff seeks to recover on behalf of the alleged class unpaid wages and penalties for Defendants' alleged failure to pay straight time and overtime, failure to pay premiums

for missed rest breaks, failure to provide accurate and complete itemized wage statements, and unfair business practices, among others. (Compl, Prayer for Relief.) Plaintiff seeks injunctive relief, costs, and attorneys' fees on all causes of action. (Compl, Prayer for Relief.)

As set forth below, the amount in controversy implicated by the class-wide allegations easily exceeds $5,000,000. **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established.** When the amount in controversy is not apparent from the face of the Complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Abrego*, 443 F.3d at 682-83.

**Failure to Pay Wages.** Plaintiff alleges that Defendants "Defendants routinely failed to pay Plaintiffs [sic] and other aggrieved employees minimum wages, overtime wages, compensation for missed rest and meal breaks and failed to pay wages for unused vacation time and sick leave." (Compl., ¶ 35).

During the statute of limitations period for the straight-time and overtime wage claim, the approximately 2,193 putative class members worked approximately 159,077 workweeks. (Bergey Decl., ¶ 5, 6.) The average hourly rate of pay was approximately $13.55, making the overtime rate of time and one half equal to $20.33. Assuming a conservative estimate of 30 minutes per *week* attributable to Plaintiff's overtime claims, the amount in controversy on this claim would equal **$1,617,017.7** [(159,077 workweeks x overtime rate of $20.33 x .5 hours per week)]. If Plaintiff and the putative class members attribute 60 minutes per week (or 12 minutes per day) to their overtime claims for unpaid time, this figure doubles to **$3,234,035.41**.

**Failure to Pay Rest Break Premiums.** Plaintiff alleges that "Defendants failed and refused to provide Plaintiffs [sic] with uninterrupted rest periods, and failed to compensate Plaintiffs [sic] for missed rest periods." (Compl, ¶ 40.) Plaintiff further alleges that "Defendants required the Plaintiffs [sic] and aggrieved employees to work

through their rest breaks but did not pay lawful wages, in violation of the various above applicable Wage Orders, regulations, statutes and ordinances." (Compl. ¶ 29.) Pursuant to the Labor Code, an employee is entitled to one additional hour of pay at the employee's regular rate of compensation for each day that a meal period that was not provided and each day that a rest period was not authorized and permitted. Lab. Code § 226.7.

During the applicable 4-year limitations period, approximately 2,193 putative class members worked approximately 159,077 workweeks. (Bergey Decl., ¶¶ 5, 6.) Even if Plaintiff and putative class members only were denied a rest break only one time per week, the amount in controversy on this claim alone would equal **$2,155,493** [(159,077 workweeks x average hourly rate of $13.55 x 1 for missed rest periods = **$2,155,493**). If three rest periods were missed per week on average, the number triples to **$6,466,480**. Based on Plaintiff's allegations, which Defendants dispute, Plaintiff and the putative class members could be alleging that they are entitled to one rest period premium *per day*, resulting in an amount in controversy on the rest period claim alone of **$10,777,466**.

Thus, with this single claim, as alleged by Plaintiff, the amount in controversy far exceeds $5,000,000. The conservative estimate of 3 missed rest breaks yields an estimate of **$6,466,480** in potential damages for *penalties alone*.

**Wage Statement Penalties**

Plaintiff's third cause of action also alleges that "At all relevant times, Defendants failed to provide the Plaintiffs with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiffs and all applicable hours and rates in effect during each pay period and corresponding number of hours worked at each hourly rate by Plaintiffs [sic]. Not one of the paystubs that Plaintiffs received complied with Labor Code § 226." (Compl, ¶ 48.) Labor Code section 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual

damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) . . . ."

During the one year period prior to the filing of Plaintiff's complaint, Defendant Residence Inn by Marriott, LLC employed approximately 1,246 nonexempt employees in California. These employees received approximately 18,520 wage statements. (Bergey Decl., ¶¶ 7, 8.) That in turn results in a potential exposure of **$1,788,150** (1,246 workweeks * $50 for initial penalty + * $100 * 17,274 workweeks).

**Attorneys' Fees.** Plaintiff also seeks attorneys' fees and costs. (Compl, Prayer for Relief.) A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (attorneys' fees appropriately included in determining amount in controversy).

In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-1257 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiff's request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the

total gross settlement amount to be reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).

Accordingly, Plaintiff's claims exceed the amount in controversy required under CAFA—the amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

Because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## **VENUE AND INTRADISTRICT ASSIGNMENT**

Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441, 1446(a) and 84(a). This action originally was brought in the Superior Court of the State of California, County of Los Angeles. As discussed above, Plaintiff Arias is a resident of California residing in Los Angeles County. The County of Los Angeles is located within the jurisdiction of the United States District Court, Central District of California.

## **NOTICE OF REMOVAL**

A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

10
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

50522002v.1

WHEREFORE, Defendants pray that the above action now pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

DATED: October 12, 2018            Respectfully submitted,

　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP


　　　　　　　　　　　　　　　　　　By: *Brian P. Long*
　　　　　　　　　　　　　　　　　　　　Brian Long
　　　　　　　　　　　　　　　　　　　　RESIDENCE INN BY MARRIOTT, LLC,
　　　　　　　　　　　　　　　　　　　　and MARRIOTT INTERNATIONAL, INC.

11
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

50522002v.1