EXHIBIT A

1   Ramin R. Younessi, Esq. (SBN 175020)
    Samvel Geshgian, Esq. (SBN 300470)
2   **LAW OFFICES OF RAMIN R. YOUNESSI**
    **A PROFESSIONAL LAW CORPORATION**
3   3435 Wilshire Boulevard, Suite 2200
    Los Angeles, California 90010
4   Telephone: (213) 480-6200
    Facsimile: (213) 480-6201
5
    Attorneys for Plaintiff,
6   BLANCA ARGELIA ARIAS
    individually and on behalf of herself
7   and others similarly situated

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF ANGELES, CENTRAL DISTRICT**

10
    BLANCA ARGELIA ARIAS, individually     **CLASS ACTION**
11  and on behalf of herself and others similarly
    situated,                              Case No.: BC719073
12
                        Plaintiff,          *Assigned to the Honorable Judge Kenneth Freeman,*
13                                          *Dept. 14*
              v.
14                                          **NOTICE OF COURT ORDER RE NEWLY FILED**
    RESIDENCE INN BY MARRIOTT, LLC., a      **CLASS ACTION**
15  Delaware limited liability company;
    MARRIOTT INTERNATIONAL, INC., a
16  Delaware corporation; and DOES 1 through
    20, inclusive.
17                                          Action filed:  August 23, 2018
                        Defendants.         Trial Date:    None set yet.
18

19  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20         **PLEASE TAKE NOTICE** that the above-entitled Court has issued a Minute Order along with

21  an Initial Status Conference Order, attached hereto and incorporated herein by this reference, regarding

22  the newly filed class action on September 6, 2018. The Court ruled as follows:

23      1.  The case is stayed, except for service of the Summons and Complaint. The stay continues at least

24          until the Initial Status Conference.

25      2.  An Initial Status Conference is set for December 14, 2018 at 10:00 a.m. in Department 14.

26      3.  Plaintiff is to give notice to all Defendants.

27  ///

28  ///

---

-1-

NOTICE OF COURT ORDER RE NEWLY FILED CLASS ACTION

1  DATED: September 12, 2018

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By:

Ramin R. Younessi, Esq.
Samvel Geshgian, Esq.
Attorneys for Plaintiff,
BLANCA ARGELIA ARIAS

-2-

NOTICE OF COURT ORDER RE NEWLY FILED CLASS ACTION

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3   I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

4   On September 14, 2018, I served the foregoing document described as **NOTICE OF COURT ORDER RE NEWLY FILED CLASS ACTION** on the interested parties in this action as follows:

5

6   ☒   By placing true copies enclosed in a sealed envelope addressed to each addressee as follows:

7

8   C T Corporation System                  *Agent for Service of Process for Defendants,*
    818 West 7th Street, Ste. 930           *MARRIOTT INTERNATIONAL, INC. and*
    Los Angeles, CA 90017                   *RESIDENCE INN BY MARRIOTT LLC*

9

10  William J. Dritsas, Esq.                *Attorneys for Defendants, MARRIOTT*
    SEYFARTH SHAW LLP                       *INTERNATIONAL, INC. and RESIDENCE*
    560 Mission Street, 31st Fl.            *INN BY MARRIOTT LLC*

11  San Francisco, CA 94105

12  ☒   BY MAIL:

13  ☐   I deposited each envelope in the mail at Los Angeles, California, with postage thereon fully prepaid.

14

15  ☒   I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at our business address in Los Angeles, California. Each of the above envelopes was sealed and placed for collection and mailing on that date following ordinary business practices.

16

17

18  Executed on September 14, 2018, at Los Angeles, California.

19  ☒   STATE       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21  ☐   FEDERAL     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22

23  Raphael Moreno

24

25

26

27

28

-3-

NOTICE OF COURT ORDER RE NEWLY FILED CLASS ACTION

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/06/18 | | DEPT. SS14 |
| HONORABLE KENNETH R. FREEMAN   JUDGE | R. ARRAIGA, J.A. | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| ADD-ON #4 | | |
| T. LEWIS, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC719073 | Plaintiff Counsel | |
| BLANCA ARGELIA ARIAS | | NO APPEARANCES |
| VS | Defendant | |
| RESIDENCE INN BY MARRIOTT LLC E | Counsel | |
| AL | | |
| Complex- 9-6-2018 | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
December 14, 2018, at 10:00 a.m., in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of  3   DEPT. SS14

MINUTES ENTERED
09/06/18
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 09/06/18 | DEPT. SS14 |
| HONORABLE KENNETH R. FREEMAN   JUDGE | R. ARRAIGA, J.A.   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD-ON #4 | |
| T. LEWIS, C.A.   Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| BC719073 | Plaintiff Counsel | NO APPEARANCES |
| BLANCA ARGELIA ARIAS | | |
| VS | Defendant | |
| RESIDENCE INN BY MARRIOTT LLC E | Counsel | |
| AL | | |
| Complex- 9-6-2018 | | |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The Plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

                    CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served this Minute Order and the Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail

                    Page    2 of  3    DEPT. SS14

MINUTES ENTERED
09/06/18
COUNTY CLERK

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

12085
TDN

| | |
|---|---|
| DATE: 09/06/18 | DEPT. SS14 |
| HONORABLE KENNETH R. FREEMAN          JUDGE | R. ARRAIGA, J.A.          DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD-ON #4 | |
| T. LEWIS, C.A.          Deputy Sheriff | NONE          Reporter |

| | | |
|---|---|---|
| BC719073 | Plaintiff Counsel | |
| BLANCA ARGELIA ARIAS | | NO APPEARANCES |
| VS | Defendant | |
| RESIDENCE INN BY MARRIOTT LLC E | Counsel | |
| AL | | |
| Complex- 9-6-2018 | | |

**NATURE OF PROCEEDINGS:**

at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: September 6, 2018

Sherri R. Carter, Executive Officer/Clerk


By: R. ARRAIGA, Judicial Assistant



Ramin Younessi
LAW OFFICES OF RAMIN R. YOUNESSI
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010

MINUTES ENTERED
09/06/18
COUNTY CLERK

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 0 6 2018

Sherri R. Carter, Executive Officer/Clerk
By: Shaunna Avalos, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| BLANCA ARGELIA ARIAS, et al., <br> Plaintiff, <br><br> vs. <br><br> RESIDENCE INN BY MARRIOTT, LLC., <br> MARRIOTT INTERNATIONAL, INC., et al., <br><br> Defendants. | Case No. BC719073 <br><br> INITIAL STATUS CONFERENCE ORDER <br> (COMPLEX LITIGATION PROGRAM) <br><br> Case Assigned for All Purposes to <br> Judge Kenneth R. Freeman <br><br> Department: 14 <br> Date:          December 14, 2018 <br> Time:          10:00 a.m. |

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

Litigation Program. An Initial Status Conference is set for **December 14, 2018, at 10:00 a.m., in**

**Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312

N. Spring Street, Los Angeles, California 90012. Counsel for all the parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status

Conference Class Action Response Statement ten (10) court days (**November 30, 2018 and**

**provide a conformed courtesy copy DIRECTLY in Department 14**) before the Initial Status

Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

-2-

describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the

-3-

kind of discovery you propose[1].

**12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

■ File & Serve Xpress (https://secure.fileandservexpress.com) or

■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

---

[1] See California Rule of Court, Rule 3.768.

-4-

1    parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic

2    service is not the same as electronic filing.  Only traditional methods of filing by physical delivery

3    of original papers or by fax filing are presently acceptable.

4    **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

5    "A dismissal of an entire class action, or of any party or cause of action in a class action,

6    requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting

7    forth the facts on which the party relies. The declaration must clearly state whether consideration,

8    direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

9    

10   If the parties have settled the class action, that too will require judicial approval based on a noticed

11   motion (although it may be possible to shorten time by consent for good cause shown).

12   Pending further order of this Court, and except as otherwise provided in this Initial Status

13   Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the

14   filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

15   Court. However, any defendant may file a Notice of Appearance for purposes of identification of

16   counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

17   without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

18   challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

19   to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

20   parties in managing this "complex" case through the development of an orderly schedule for

21   briefing and hearings on procedural and substantive challenges to the complaint and other issues

22   that may assist in the orderly management of these cases.  This stay shall not preclude the parties

23   from informally exchanging documents that may assist in their initial evaluation of the issues

24   

25   

26   _____

27   [2] California Rule of Court, Rule 3.770(a)

28   

-5-

INITIAL STATUS CONFERENCE ORDER

1  presented in this case, however shall stay all outstanding discovery requests.

2      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

3  counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

4  service of this order. If any defendant has not been served in this action, service is to be completed

5  within twenty (20) days of the date of this order.

6      Dated: September 6, 2018

7

8

9                                        KENNETH R. FREEMAN

                                      Judge Kenneth R. Freeman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 **CT Corporation**

**Service of Process Transmittal**
09/12/2018
CT Log Number 534044347

**TO:**   Jack Tamburello
Marriott International, Inc.
1 Star Pt
Stamford, CT 06902-8911

**RE:**   **Process Served in California**

**FOR:**   RESIDENCE INN BY MARRIOTT, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BLANCA ARGELIA ARIAS, etc., Pltf. vs. RESIDENCE INN BY MARRIOTT, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Instruction, Cover Sheet, Information |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # BC719073 |
| **NATURE OF ACTION:** | FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/12/2018 at 15:14 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Ramin R. Younessi<br>LAW OFFICES OF RAMIN R. YOUNESSI A PROFESSIONAL LAW CORPORATION<br>3435 Wilshire Botilevard, Suite 2200<br>Los Angeles, CA 90010<br>(213) 480-6200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2018, Expected Purge Date: 09/18/2018 |
| | Image SOP |
| | Email Notification,  Jack Tamburello  Jack.Tamburello@marriott.com |
| | Email Notification,  Randi Neches  Randi.Neches@Marriott.com |
| | Email Notification,  Reine Blackwell-Moore  reine.blackwell@marriott.com |
| | Email Notification,  Eleni Planzos  Eleni.Planzos@marriott.com |
| | Email Notification,  Matthew Casassa  Matthew.Casassa@Marriott.com |
| | Email Notification,  Cara Anderson  Cara.Anderson@marriott.com |
| | Email Notification,  Fran Kassner  Fran.Kassner@marriott.com |

Page 1 of  2 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
09/12/2018
CT Log Number 534044347

**TO:**   Jack Tamburello
Marriott International, Inc.
1 Star Pt
Stamford, CT 06902-8911

**RE:**   **Process Served in California**

**FOR:**   RESIDENCE INN BY MARRIOTT, LLC  (Domestic State: DE)

Email Notification,  Michael Martinez  Michael.Martinez@marriott.com

Email Notification,  Theresa Coetzee  Theresa.Coetzee@marriott.com

Email Notification,  Andrew Wright  Andrew.PC.Wright@marriott.com

Email Notification,  Dave Bell  Dave.Bell@marriott.com

Email Notification,  Margot Metzger  Margot.Metzger@Marriott.com

**SIGNED:**   C T Corporation System
**ADDRESS:**   818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:**   213-337-4615

Page 2 of  2 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

9-12-18 8:50 am

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

<div>

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**AUG 23 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RESIDENCE INN BY MARRIOTT, LLC., a Delaware limited liability company; MARRIOTT INTERNATIONAL, INC., [see attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BLANCA ARGELIA ARIAS, individually and on behalf of herself and others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

Central District, 111 N. Hill St., Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):* BC 719073

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq., 3435 Wilshire Blvd. Ste. 2200, Los Angeles, CA 90010, (213)480-6200

| DATE: AUG 23 2018 | | Clerk, by | Brittny Smith | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | SHERRI R. CARTER | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Residence Inn. By Marriott, LLC, a
3. ☑ on behalf of *(specify):* Delaware limited liability company
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☑ CCP 416.90 (authorized person)
   ☑ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List **additional parties** (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

a Delaware corporation; and DOES 1 through 20, inclusive,

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Ramin R. Younessi, Esq. (SBN 175020)
   **LAW OFFICES OF RAMIN R. YOUNESSI**
2  **A PROFESSIONAL LAW CORPORATION**
   3435 Wilshire Boulevard, Suite 2200
3  Los Angeles, California 90010
   Telephone: (213) 480-6200
4  Facsimile: (213) 480-6201

5  Attorney for Plaintiffs,
   BLANCA ARGELIA ARIAS
6  individually and on behalf of herself
   and others similarly situated

7

8

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of ...

**AUG 23 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11  BLANCA ARGELIA ARIAS, individually and     **CLASS ACTION**
12  on behalf of herself and others similarly situated,
                                                 Case No.  **BC 719073**
13                        Plaintiff,
                                                 1. **FAILURE TO PAY WAGES (CAL. LABOR**
14          v.                                      **CODE §§201, 226.7);**

15  RESIDENCE INN BY MARRIOTT, LLC., a           2. **FAILURE TO PROVIDE REST PERIODS**
    Delaware limited liability company;            **(CAL. LABOR CODE §§226.7, 512);**
16  MARRIOTT INTERNATIONAL, INC., a
    Delaware corporation; and DOES 1 through 20, 3. **FAILURE TO PROVIDE ITEMIZED**
17  inclusive,                                      **WAGE AND HOUR STATEMENTS (CAL.**
                                                    **LABOR CODE §§226, ET SEQ.);**
18                        Defendants.
                                                 4. **PRIVATE ATTORNEY GENERAL ACT**
19                                                  **(CAL. LABOR CODE §2699, ET SEQ); AND**

20                                               5. **UNFAIR COMPETITION (BUS. & PROF.**
                                                    **CODE §17200 ET SEQ.)**
21
                                                 **[DEMAND FOR JURY TRIAL]**
22

23  **COMES NOW PLAINTIFF,** BLANCA ARGELIA ARIAS, individually and on behalf of herself and

24  others similarly situated, for causes of action against the Defendants and each of them, alleges as

25  follows:

26

27

28

-1-

COMPLAINT FOR DAMAGES

1

**INTRODUCTION**

2      1.      Plaintiff, BLANCA ARGELIA ARIAS ("Plaintiff") brings this action against
3   Defendants RESIDENCE INN BY MARRIOTT, LLC and MARRIOTT INTERNATIONAL, INC.,
4   and DOES 1 through 20 (collectively "Defendants" or "MARRIOTT") to recover penalties.
5   Defendants' failure to compensate its employees for wages, missed rest and meal break premiums
6   resulted in Defendant's failure to issue accurate itemized wage statements.

7

8

**JURISDICTION**

9      2.      This Court is the proper court, and this action is properly filed in Los Angeles County,
10   because Defendants' obligations and liability arise therein, because Defendants maintain offices and
11   transact business within Los Angeles County, Defendants employ numerous Class Members in Los
12   Angeles County, and because the work that is the subject of this action was performed by Plaintiff in
13   Los Angeles County.   There is no federal question at issue as the issues herein are based solely on
14   California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil Procedure,
15   Civil Code, and Business and Professions Code.   Thus, the above entitled court maintains appropriate
16   jurisdiction to hear this matter.

17

18

**THE PARTIES**

19      3.      Plaintiff, Blanca Argelia Arias, is and at all times relevant hereto was a resident of the
20   County of Los Angeles, State of California.

21      4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant
22   hereto, Defendant RESIDENCE INN BY MARRIOTT, LLC ("RESIDENCE INN") was and is a
23   Delaware limited liability company doing business in the County of Los Angeles, State of California.
24   RESIDENCE INN has numerous employees in Los Angeles County at hotels operated by RESIDENCE
25   INN. At all relevant times, RESIDENCE INN employed 26 or more employees.

26      5.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant
27   hereto, Defendant MARRIOTT INTERNATIONAL, INC. ("MARRIOTT INTERNATIONAL") was
28   and is a Delaware corporation doing business in the County of Los Angeles, State of California.

-2-

1   MARIOTT INTERNATIONAL has numerous employees in Los Angeles County at hotels operated by
2   MARIOTT INTERNATIONAL.  At all relevant times, MARRIOTT INTERNATIONAL employed 26
3   or more employees.   Defendants RESIDENCE INN and MARRIOTT INTERNATIONAL are
4   hereinafter referred to as "MARRIOTT".

5       6.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant
6   hereto, MARRIOTT owned and operated a lodging and hospitality business.

7       7.   At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint
8   employers and/or special employers within the meaning of the Labor Code and Industrial Welfare
9   Commission Order No. 5-2001 and are each any "employer or other person acting on behalf of an
10  employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

11      8.   The true names and capacities, whether individual, corporate, associate, or otherwise, of
12  the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and
13  therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this
14  complaint to insert the true names and capacities of said Defendants when the same become known to
15  Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously
16  named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff
17  as alleged hereinafter.

18      9.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant
19  hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,
20  coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the
21  other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part
22  within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,
23  successor status and/or joint venture and with the permission and consent of each of the other
24  Defendants.

25      10.  Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and
26  each of them, including those defendants named as DOES 1-20, acted in concert with one another to
27  commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one
28  another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government

-3-

COMPLAINT FOR DAMAGES

1  Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that
2  Defendants, and each of them, including those defendants named as DOES 1-20, and each of them,
3  formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful
4  acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy,
5  intended to cause and actually causing Plaintiff harm.

6       11.     Whenever and wherever reference is made in this complaint to any act or failure to act
7  by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts
8  and/or failures to act by each Defendant acting individually, jointly and severally.

9       12.     By this Complaint, Plaintiff brings this case as a representative action seeking penalties
10  for the State of California in a representative capacity, as provided by the Private Attorneys General Act
11  ("PAGA") to the extent permitted by law, as an aggrieved employee who were subject to certain
12  violations of the law as enumerated by this Complaint.

13      13.     Plaintiff brings this class action and seeks certification of the claims and certain issues
14  in this action on behalf of a Class defined as: all persons who have worked for MARRIOTT who were
15  subjected to individual wage and hour violations, during the period within four years from the filing of
16  this Complaint and continuing through trial.

17      14.     Plaintiff reserves the right to amend the Class definition if further investigation and
18  discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.
19  Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a
20  controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-
21  conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice,
22  or judicial officer presiding over this matter and the member of their immediate families and judicial
23  staff.

24      15.     All members of the Class and any subclass were and are similarly affected by labor code
25  violations by Defendant, and the relief sought herein is for the benefit of Plaintiff and member of the
26  Class and any subclass.

27      16.     Plaintiff will fairly and adequately represent and protect the interests of the members of
28  the Class.

1      17.    A true and correct copy of the Notice correspondence showing compliance with the

2    Labor Code §2699.3 is attached as Exhibit "A" and demonstrates that Plaintiff is an aggrieved employee

3    and has standing to bring a representative action on behalf of the State of California Labor and

4    Workforce Development Agency (LWDA) and as a private attorney general.  No notice of cure by

5    Defendant was provided and no notice of investigation was received from the LWDA in the statutorily

6    proscribed 60-day period since the submission of the notice of the action.  Accordingly, Plaintiff files

7    this action as a "Representative Action" as provided by California Code of Civil Procedure as

8    specifically permitted and authorized by Labor Code §2699.3(a)(2)(C).

9

10                   **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

11      18.    Plaintiffs are informed and believe, and based thereon alleges, that there exists such a

12    unity of interest and ownership between MARRIOTT and DOES 1-20 that the individuality and

13    separateness of defendants have ceased to exist.

14      19.    Plaintiffs are informed and believe, and based thereon alleges, that despite the formation

15    of purported corporate existence, MARRIOTT and DOES 1-20 are, in reality, one and the same as

16    MARRIOTT, including, but not limited to because:

17        a.    MARRIOTT is completely dominated and controlled by DOES 1-20, who

18    personally committed the frauds and violated the laws as set forth in this complaint, and who have

19    hidden and currently hide behind MARRIOTT to perpetrate frauds, circumvent statutes, or accomplish

20    some other wrongful or inequitable purpose.

21        b.    DOES 1-20 derive actual and significant monetary benefits by and through

22    MARRIOTT unlawful conduct, and by using MARRIOTT as the funding source for their own personal

23    expenditures.

24        c.    MARRIOTT and DOES 1-20, while really one and the same, were segregated to

25    appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

26    accomplishing some other wrongful or inequitable purpose.

27        d.    MARRIOTT does not comply with all requisite corporate formalities to maintain

28    a legal and separate corporate existence.

1          e.       The business affairs of MARRIOTT and DOES 1-20 are, and at all times relevant

2   were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in

3   inextricable confusion.  MARRIOTT is, and at all times relevant hereto was, used by DOES 1-20 as a

4   mere shell and conduit for the conduct of certain of MARRIOTT's affairs, and is, and was, the alter ego

5   of DOES 1-20.  The recognition of the separate existence of MARRIOTT would not promote justice, in

6   that it would permit MARRIOTT to insulate themselves from liability to Plaintiffs for violations of the

7   Government Code and other statutory violations.  The corporate existence of MARRIOTT and DOES 1-

8   20 should be disregarded in equity and for the ends of justice because such disregard is necessary to

9   avoid fraud and injustice to Plaintiffs herein.

10         20.      Accordingly, MARRIOTT constitutes the alter ego of DOES 1-20, and the fiction of

11   their separate corporate existence must be disregarded.

12         21.      As a result of the aforementioned facts, Plaintiffs are informed and believes, and based

13   thereon alleges that MARRIOTT and DOES 1-20 are Plaintiffs' joint employers by virtue of a joint

14   enterprise, and that Plaintiffs were employees of MARRIOTT and DOES 1-20.  Plaintiffs performed

15   services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all

16   Defendants shared control of Plaintiffs as employees, either directly or indirectly, and the manner in

17   which MARRIOTT's business was and is conducted.

18         22.      Alternatively, Plaintiffs are informed and believe and, based thereupon allege, that as

19   and between DOES 1-20 and MARRIOTT, (1) there is an express or implied agreement of assumption

20   pursuant to which DOES 1-20 agreed to be liable for the debts of MARRIOTT, (2) the transaction

21   between DOES 1-20, and MARRIOTT amounts to a consolidation or merger of the two corporations,

22   (3) DOES 1-20 is a mere continuation of MARRIOTT, or (4) the transfer of assets to DOES 1-20 is for

23   the fraudulent purpose of escaping liability for MARRIOTT's debts.  Accordingly, DOES 1-20 are the

24   successors of MARRIOTT, and are liable on that basis.

25

26

27

28

1  **FACTUAL ALLEGATIONS**

2  23.  During all, or a portion, of the one-year period before Plaintiffs filed Notices of their

3  claims with the LWDA, Plaintiffs and each of the aggrieved employees seek to represent were employed

4  by Defendants and each of them, in the State of California.

5  24.  California Labor Code section 204 provides that all wages earned are due payable at least

6  twice each month, and section 1194 provides that notwithstanding any agreement to work for a lesser

7  wage, an employee receiving less than the minimum wage is entitled to recover in a civil action the

8  unpaid balance of their minimum wages, including interest thereon, reasonable attorney's fees, and costs

9  of suit.

10  25.  Plaintiffs and each aggrieved employees were non-exempt employees covered under

11  one or more Industrial Welfare Commission (IWC) Wage Orders, including 5-2001 ("Wage Orders"),

12  and Labor Code Section 1182.12, 1194, 1194.2, 1197, and/or other applicable wage orders, regulations

13  and statutes, and were not subject to an exemption for executive, administrative, professional

14  employees, or any other exemption, which imposed an obligation on the part of the Defendants to pay

15  Plaintiffs and each aggrieved employees lawful compensation, including payment of minimum wages.

16  Defendants were obligated to pay Plaintiffs and the aggrieved employees compensation for all hours

17  worked. At all relevant times, Defendants employed 26 or more employees.

18  26.  Defendants required the Plaintiffs and aggrieved employees to work regular wages but

19  did not pay lawful wages, in violation of the various above applicable Wage Orders, regulations,

20  statutes, and ordinances.

21  27.  Labor Code section 226.7 provides that an employer shall not require an employee to

22  work during a rest or recovery period mandated pursuant to an applicable statute, or applicable

23  regulation, standard, or order of the Industrial Welfare Commission.

24  28.  Plaintiffs and each aggrieved employee were non-exempt employees covered under one

25  or more Industrial Welfare Commission (IWC) Wage Orders, including 5-2001 ("Wage Orders"), and

26  Labor Code Sections 226.7, 512, and/or other applicable wage orders, regulations and statutes, and were

27  not subject to an exemption for executive, administrative, professional employees, or any other

28  exemption, which imposed an obligation on the part of the Defendants to pay Plaintiffs and each

-7-

1 | aggrieved employee lawful compensation.  The IWC Wage Order No. 5-2001 provides that "the
2 | authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes
3 | net rest time per four (4) hours or major fraction thereof."

4 |      29.   Defendants required the Plaintiffs and aggrieved employees to work through their rest
5 | breaks but did not pay lawful wages, in violation of the various above applicable Wage Orders,
6 | regulations, statutes, and ordinances.

7 |      30.   Defendants were obligated to pay Plaintiffs and the aggrieved employees one (1) hour's
8 | compensation for each rest and meal period interrupted or not provided to them.  Defendants failed to
9 | pay all missed rest and meal period compensation due.

10 |      31.   Defendants, and each of them, consistently violated Labor Code §226 by failing to
11 | provide Plaintiff and members of the aggrieved employees accurate, itemized wage statements.

12 |      32.   Business and Professions Code, section 17203, provided that any person who engages in
13 | unfair competition may be enjoined in any court of competent jurisdiction.  Business and Professions
14 | Code, section 17204 provides that any person who has suffered actual injury and has lost money or
15 | property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

16 |      33.   Plaintiffs reserve the right to amend or modify the definitions of aggrieved employees
17 | with respect to issues or in any other way.

18 |

19 | **FIRST CAUSE OF ACTION**
20 | **FOR FAILURE TO PAY WAGES DUE**
21 | **LABOR CODE §§201, 226.7**
22 | **AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

23 |      34.   Plaintiffs re-allege and incorporates by reference Paragraphs 1 through 33, inclusive, as
24 | though set forth in full herein.

25 |      35.   At all relevant times, Defendants failed and refused to pay Plaintiffs wages earned and
26 | required by 8 Code of Regulations §11090, as set forth hereinabove.  As alleged herein, Defendants
27 | routinely failed to pay Plaintiffs and other aggrieved employees minimum wages, overtime wages,

28 |

1    compensation for missed rest and meal breaks and failed to pay wages for unused vacation time and
2    sick leave.

3        36.     As alleged herein, Plaintiffs were not exempt from the requirements of Labor Code §510,
4    8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 5-2001.

5        37.     Plaintiffs have been deprived of Plaintiffs' rightfully earned compensation as a direct
6    and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiffs are entitled
7    to recover such amounts, plus interest thereon, attorneys' fees and costs.

8

9    <div align="center">**SECOND CAUSE OF ACTION**</div>
10   <div align="center">**FOR FAILURE TO PROVIDE REST BREAKS**</div>
11   <div align="center">**LABOR CODE §§226.7**</div>
12   <div align="center">**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**</div>

13       38.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 33, inclusive, as
14   though set forth in full herein.

15       39.     Labor Code §226.7 requires an employer to provide every employee with an
16   uninterrupted rest period of not less than 10 minutes, for every period worked in excess of four hours.

17       40.     Defendants failed and refused to provide Plaintiffs with uninterrupted rest periods, and
18   failed to compensate Plaintiffs for missed rest periods, as required by Labor Code §§226.7 and the
19   applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 5-
20   2001, as follows.

21       41.     Plaintiffs have been deprived of wages for missed rest breaks due in amounts to be
22   determined at trial.

23       42.     As alleged herein, Plaintiffs are not exempt from the rest break requirements of 8 Code
24   of Regulations §11090 and Industrial Welfare Commission Order No. 5-2001. Consequently, Plaintiffs
25   are owed one hour of pay at their then regular hourly rate, or the requisite minimum wage, whichever
26   is greater, for each day that they were denied such rest periods.

27       43.     Plaintiffs have been deprived of their rightfully earned compensation for rest breaks as
28   a direct and proximate result of Defendants' failure and refusal to pay said compensation.

<div align="center">-9-</div>
<div align="center">COMPLAINT FOR DAMAGES</div>

1        44.    Thus, for the entirety of the time periods set forth above, Plaintiffs are entitled to recover

2    such amounts to be determined at trial pursuant to Labor Code §226.7(b), plus interest thereon and costs

3    of suit.

4    <div align="center">**THIRD CAUSE OF ACTION**</div>

5    <div align="center">**FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS**</div>

6    <div align="center">**LABOR CODE §§226 ET SEQ.**</div>

7    <div align="center">**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**</div>

8        45.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 33, inclusive, as

9    though set forth in full herein.

10       46.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-

11   exempt employees with itemized statements showing total hours worked, hourly wages, gross wages,

12   total deductions and net wages earned. An employer who violates these code sections is liable to its

13   employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for

14   the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay

15   period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is

16   deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement

17   at all.

18       47.    In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates

19   Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation

20   occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

21       48.    At all relevant times, Defendants failed to provide the Plaintiffs with timely and accurate

22   wage and hour statements showing gross wages earned, total hours worked, all deductions made, net

23   wages earned, the name and address of the legal entity employing Plaintiffs and all applicable hours and

24   rates in effect during each pay period and the corresponding number of hours worked at each hourly

25   rate by Plaintiffs. Not one of the paystubs that Plaintiffs received complied with Labor Code §226, and

26   contained almost none of the required information, including hours actually worked and compensation

27   for missed rest periods.

28       49.    As alleged herein, Plaintiffs are not exempt from the requirements of Labor Code §226.

<div align="center">-10-</div>

50.     This failure has injured Plaintiffs by misrepresenting and depriving them of hour, wage, and earnings information to which each of them is entitled, causing each of them difficulty and expense in attempting to reconstruct time and pay records, causing each of them not to be paid wages they are entitled to, causing each of them to be unable to rely on earnings statements in dealings with third parties, eviscerating their right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving them regarding their entitlement to rest period wages.  For the time periods that Plaintiffs were not provided with paystubs at all, their aforementioned injuries are presumed as a matter of law.

51.     Plaintiffs were paid on a bi-weekly basis, and therefore Defendants violated Labor Code §226 numerous times during the last year that Plaintiffs.  Consequently, Defendants are liable to Plaintiffs for each of their actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

52.     In addition thereto, Plaintiffs are each entitled to civil penalties pursuant to Labor Code §226.3 in the amount to be determined at trial.

53.     Based on Defendant's conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## FOR PRIVATE ATTORNEY GENERAL ACT
## LABOR CODE §2699
## AGAINST DEFENDANTS AND DOES 1-20, INCLUSIVE

54.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 53, inclusive, as though set forth in full herein.

55.     Under Labor Code §2699, Plaintiffs, as aggrieved employees, may bring an action against Defendants, on behalf of themselves and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

56.     Plaintiffs were aggrieved employees within the meaning of Labor Code §2699(a) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against him, as previously pleaded in this Complaint.

57.     On May 24, 2018, more than 60 calendar days before filing this Complaint, Plaintiffs provided written notice by online filing to the Labor and Workforce Development Agency and to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 226, 227.3, 246, 226.7, 512, 1182.12, 1194, 1194.2, 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5. Attached herein as Exhibit "1" and incorporated herein by this reference is a true and correct copy of Plaintiffs' Private Attorney General Act notice.

58.     Under Labor Code §2699.3(c)(2)(A), Defendants may cure alleged violations within 33 calendar days of the postmarked date of the written notice sent by Plaintiffs. As of the filing of this Complaint, Defendants have not cured such violations within the specified time period. Consequently, Plaintiffs may now commence a civil action, pursuant to Labor Code §2699.3

59.     As of the filing of this Complaint, Plaintiffs have not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiffs may now commence a civil action, pursuant to Labor Code §2699.3.

60.     As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiffs are entitled to civil penalties of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226, 226.3, and 226.7.

61.     Plaintiffs, as personal representatives of the general public, will and do seek to recover any and all penalties for each and every violation shown to exist or to have occurred during the one year period before Plaintiffs filed Notice with the LWDA of their intent to bring this action, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions. Funds recovered will be distributed in accordance with the PAGA, with at least 75% of the

-12-

1    penalties recovered being reimbursed to the State of California and the Labor and Workforce
2    Development Agency. Plaintiffs are also entitled to reasonable attorney's fees and costs, and 25% of
3    the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

4

5                              **FIFTH CAUSE OF ACTION**
6                            **FOR UNFAIR COMPETITION**
7              **BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**
8            **AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

9        62.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 61, inclusive, as
10   though set forth in full herein.

11       63.    Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare
12   Commission Order No. 5-2001, Labor Code §§226, 226.7, 227.3, 246, 512, 1182.12, 1194, 1194.2,
13   1197, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal
14   to provide wages for missed rest break compensation, Defendants' failure to provide timely and accurate
15   wage and hour statements and Defendants' failure to maintain complete and accurate payroll records
16   for the Plaintiffs, constitute unfair business practices in violation of Business & Professions Code
17   §§17200, et seq.

18       64.    As a result of Defendants' unfair business practices, Defendants have reaped unfair
19   benefits and illegal profits at the expense of Plaintiffs and members of the public. Defendants should
20   be made to disgorge their ill-gotten gains and restore such monies to Plaintiffs.

21       65.    Defendants' unfair business practices entitle Plaintiffs to seek preliminary and
22   permanent injunctive relief, including but not limited to orders that the Defendants account for,
23   disgorge, and restore to the Plaintiffs the monies and benefits unlawfully withheld from Plaintiffs.

24

25                              **PRAYER FOR RELIEF**
26   **WHEREFORE**, Plaintiffs seek judgment against Defendants and each of them, in an amount according
27   to proof but estimated to be no less than an amount according to proof:

28       1.   For failure to pay wages due pursuant to Labor Code §§226.7, 227.3, 246, 512,

                                      -13-
                            COMPLAINT FOR DAMAGES

1   1182.12, 1194, 1194.2, 1197 and Industrial Welfare Commission Order No. 5-2001, and 8 Code of

2   Regulations §11090, in the amount according to proof;

3       2.     For statutory penalties or damages pursuant but not limited to Labor Code §558(a) in the

4   amount according to proof;

5       3.     For payment of rest period compensation pursuant to Labor Code §§226.7 and 512 in

6   the amount according to proof;

7       4.     For damages pursuant to Labor Code §226 in the amount according to proof;

8       5.     For statutory penalties or damages pursuant to Labor Code §226.3 in the amount

9   according to proof;

10       6.     For statutory penalties pursuant to Labor Code §2699(f), in the amount in the amount

11   according to proof on Plaintiffs' own behalf, and similar amounts on behalf of all of Defendants'

12   aggrieved employees;

13       7.     For prejudgment interest on each of the foregoing at the legal rate from the date the

14   obligation became due through the date of judgment in this matter;

15   **WHEREFORE,** Plaintiffs further seek judgment against Defendants, and each of them, in an amount

16   according to proof, as follows:

17       8.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful

18   conduct, failure to pay wages and other compensation in accordance with the law;

19       9.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code,

20   and/or any other basis;

21       10.    For post-judgment interest; and

22       11.    For any other relief that is just and proper.

23

DATED: August 21, 2018                     **LAW OFFICES OF RAMIN R. YOUNESSI**

24                                           **A PROFESSIONAL LAW CORPORATION**

25

26                       By: _____

27                                 Ramin R. Younessi, Esq.
                                  Attorney for Plaintiffs,

28                                     BLANCA ARGELIA ARIAS
                                  individually and on behalf of herself
                                  and others similarly situated

-14-

1

## JURY TRIAL DEMANDED

2

Plaintiff demands trial of all issues by jury.

3

4    DATED: August 21, 2018                    LAW OFFICES OF RAMIN R. YOUNESSI
                                               A PROFESSIONAL LAW CORPORATION
5

6                                        By:
7                                               Ramin R. Younessi, Esq.
                                                Attorney for Plaintiffs,
8                                               BLANCA ARGELIA ARIAS
                                                individually and on behalf of herself
9                                               and others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Ramin R. Younessi, Esq. (SBN 175020)<br>Law Offices of Ramin R. Younessi A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO.: (213) 480-6200   FAX NO.: (213) 480-6201<br>ATTORNEY FOR *(Name)*: Plaintiff, Blanca Argelia Arias | FOR COURT USE ONLY<br><br>**CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 23 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Brittny Smith, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER **BC 719073** |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☒ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Five (5)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 21, 2018

Ramin R. Younessi, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**BC 719073**

| SHORT TITLE: Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
|  | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
|  | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
|  | ☐  A6160  Abstract of Judgment | 2, 6 |
|  | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
|  | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
|  | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
|  | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
|  | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
|  | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
|  | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2, 3, 9 |
|  | ☐  A6123  Workplace Harassment | 2, 3, 9 |
|  | ☐  A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
|  | ☐  A6190  Election Contest | 2 |
|  | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
|  | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
|  | ☐  A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>21 West Walnut Street |
|---|---|
| CITY:<br>Pasadena | STATE:<br>CA | ZIP CODE:<br>91103 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August  2  2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

### NOTICE OF CASE ASSIGNMENT
### UNLIMITED CIVIL – CLASS ACTION/COMPLEX

Your case is assigned for all purposes to the judicial officer indicated below.

Reserved for Clerk's File Stamp

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**AUG 23 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

CASE NUMBER:
**BC719073**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 6 | 211 | | | | |
| Hon. William F. Highberger | 10 | 10 | | | | |
| Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| Hon. Kenneth Freeman | 14 | 14 | | | | |
| Hon. Ann Jones | 11 | 11 | | | | |
| Hon. Maren E. Nelson | 17 | 17 | | | | |
| Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | *Provisional complex (non-class action) case assignment pending complex determination | 14 | Supervising Judge 14 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on **AUG 23 2018** _____

SHERRI R. CARTER, Executive Officer/Clerk of Court

By ____Brittny Smith____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 12/17)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                      (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
   (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤          _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤          _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤          _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤          _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➤          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➤          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**    FAX NO. (Optional):<br>**E-MAIL ADDRESS (Optional):**<br>**ATTORNEY FOR (Name):** | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| I  TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 CT Corporation

**Service of Process Transmittal**
09/12/2018
CT Log Number 534044672

**TO:** Jack Tamburello
Marriott International, Inc.
1 Star Pt
Stamford, CT 06902-8911

**RE:** **Process Served in California**

**FOR:** MARRIOTT INTERNATIONAL, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BLANCA ARGELIA ARIAS, etc., Pltf. vs. RESIDENCE INN BY MARRIOTT, LLC, etc., et al., Dfts. // To: MARRIOTT INTERNATIONAL, INC. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, ATTACHMENT(S) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA
Case # BC719073 |
| **NATURE OF ACTION:** | Employee Litigation - FAILURE TO PAY WAGES, etc. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/12/2018 at 15:14 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Ramin R. Younessi, Esq.
LAW OFFICE OF Ramin R. Younessi
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010
213-480-6200 |
| **REMARKS:** | The document(s) received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2018, Expected Purge Date: 09/18/2018 |
| | Image SOP |
| | Email Notification, Jack Tamburello  Jack.Tamburello@marriott.com |
| | Email Notification, Randi Neches  Randi.Neches@Marriott.com |
| | Email Notification, Reine Blackwell-Moore  reine.blackwell@marriott.com |
| | Email Notification, Eleni Planzos  Eleni.Planzos@marriott.com |
| | Email Notification, Matthew Casassa  Matthew.Casassa@Marriott.com |
| | Email Notification, Cara Anderson  Cara.Anderson@marriott.com |

Page 1 of  2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
09/12/2018
CT Log Number 534044672

**TO:**     Jack Tamburello
Marriott International, Inc.
1 Star Pt
Stamford, CT 06902-8911

**RE:**     **Process Served in California**

**FOR:**    MARRIOTT INTERNATIONAL, INC.  (Domestic State: DE)

Email Notification,  Fran Kassner  Fran.Kassner@marriott.com

Email Notification,  Michael Martinez  Michael.Martinez@marriott.com

Email Notification,  Theresa Coetzee  Theresa.Coetzee@marriott.com

Email Notification,  Andrew Wright  Andrew.PC.Wright@marriott.com

Email Notification,  Dave Bell  Dave.Bell@marriott.com

Email Notification,  Margot Metzger  Margot.Metzger@Marriott.com

**SIGNED:**      C T Corporation System
**ADDRESS:**     818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:**   213-337-4615

Page 2 of  2 / AS

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

9-12-18 8.500~

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="float:right;border:1px solid;">
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**AUG 23 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RESIDENCE INN BY MARRIOTT, LLC., a Delaware limited liability company; MARRIOTT INTERNATIONAL, INC., [see attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BLANCA ARGELIA ARIAS, individually and on behalf of herself and others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

Central District, 111 N. Hill St., Los Angeles, CA 90012

CASE NUMBER:
(Número del Caso): **BC 719073**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq., 3435 Wilshire Blvd. Ste. 2200, Los Angeles, CA 90010, (213)480-6200

DATE: **AUG 2 3 2018**
*(Fecha)*
Clerk, by SHERRI R. CARTER *(Secretario)* Brittny Smith , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* MARRIOTT INTERNATIONAL, INC., a
3. ☒ on behalf of *(specify):* DELAWARE CORPORATION
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

a Delaware corporation; and DOES 1 through 20, inclusive,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Ramin R. Younessi, Esq. (SBN 175020)
2  **LAW OFFICES OF RAMIN R. YOUNESSI**
   **A PROFESSIONAL LAW CORPORATION**
3  3435 Wilshire Boulevard, Suite 2200
   Los Angeles, California 90010
   Telephone: (213) 480-6200
4  Facsimile: (213) 480-6201

5  Attorney for Plaintiffs,
   BLANCA ARGELIA ARIAS
6  individually and on behalf of herself
   and others similarly situated

7

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

| | |
|---|---|
| 12  BLANCA ARGELIA ARIAS, individually and on behalf of herself and others similarly situated, | **CLASS ACTION** |
| 13                      Plaintiff, | Case No.  **BC 719073** |
| 14       v. | 1. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 226.7);** |
| 15  RESIDENCE INN BY MARRIOTT, LLC., a Delaware limited liability company; | 2. **FAILURE TO PROVIDE REST PERIODS (CAL. LABOR CODE §§226.7, 512);** |
| 16  MARRIOTT INTERNATIONAL, INC., a Delaware corporation; and DOES 1 through 20, | 3. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);** |
| 17  inclusive, | |
| 18                      Defendants. | 4. **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ); AND** |
| 19 | |
| 20 | 5. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.)** |
| 21 | |
| 22 | **[DEMAND FOR JURY TRIAL]** |

23  **COMES NOW PLAINTIFF,** BLANCA ARGELIA ARIAS, individually and on behalf of herself and

24  others similarly situated, for causes of action against the Defendants and each of them, alleges as

25  follows:

26

27

28

-1-

**INTRODUCTION**

1.     Plaintiff, BLANCA ARGELIA ARIAS ("Plaintiff") brings this action against Defendants RESIDENCE INN BY MARRIOTT, LLC and MARRIOTT INTERNATIONAL, INC., and DOES 1 through 20 (collectively "Defendants" or "MARRIOTT") to recover penalties. Defendants' failure to compensate its employees for wages, missed rest and meal break premiums resulted in Defendant's failure to issue accurate itemized wage statements.

**JURISDICTION**

2.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, Defendants employ numerous Class Members in Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.  There is no federal question at issue as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil Procedure, Civil Code, and Business and Professions Code.  Thus, the above entitled court maintains appropriate jurisdiction to hear this matter.

**THE PARTIES**

3.     Plaintiff, Blanca Argelia Arias, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant RESIDENCE INN BY MARRIOTT, LLC ("RESIDENCE INN") was and is a Delaware limited liability company doing business in the County of Los Angeles, State of California. RESIDENCE INN has numerous employees in Los Angeles County at hotels operated by RESIDENCE INN. At all relevant times, RESIDENCE INN employed 26 or more employees.

5.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant MARRIOTT INTERNATIONAL, INC. ("MARRIOTT INTERNATIONAL") was and is a Delaware corporation doing business in the County of Los Angeles, State of California.

1   MARIOTT INTERNATIONAL has numerous employees in Los Angeles County at hotels operated by

2   MARIOTT INTERNATIONAL.  At all relevant times, MARRIOTT INTERNATIONAL employed 26

3   or more employees.   Defendants RESIDENCE INN and MARRIOTT INTERNATIONAL are

4   hereinafter referred to as "MARRIOTT".

5        6.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

6   hereto, MARRIOTT owned and operated a lodging and hospitality business.

7        7.      At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint

8   employers and/or special employers within the meaning of the Labor Code and Industrial Welfare

9   Commission Order No. 5-2001 and are each any "employer or other person acting on behalf of an

10  employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

11       8.      The true names and capacities, whether individual, corporate, associate, or otherwise, of

12  the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and

13  therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this

14  complaint to insert the true names and capacities of said Defendants when the same become known to

15  Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously

16  named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff

17  as alleged hereinafter.

18       9.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

19  hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

20  coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the

21  other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

22  within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,

23  successor status and/or joint venture and with the permission and consent of each of the other

24  Defendants.

25       10.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and

26  each of them, including those defendants named as DOES 1-20, acted in concert with one another to

27  commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one

28  another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government

1   Code §12940(i).   Plaintiff is further informed and believes, and based thereupon alleges, that

2   Defendants, and each of them, including those defendants named as DOES 1-20, and each of them,

3   formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful

4   acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy,

5   intended to cause and actually causing Plaintiff harm.

6        11.     Whenever and wherever reference is made in this complaint to any act or failure to act

7   by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

8   and/or failures to act by each Defendant acting individually, jointly and severally.

9        12.     By this Complaint, Plaintiff brings this case as a representative action seeking penalties

10   for the State of California in a representative capacity, as provided by the Private Attorneys General Act

11   ("PAGA") to the extent permitted by law, as an aggrieved employee who were subject to certain

12   violations of the law as enumerated by this Complaint.

13        13.     Plaintiff brings this class action and seeks certification of the claims and certain issues

14   in this action on behalf of a Class defined as: all persons who have worked for MARRIOTT who were

15   subjected to individual wage and hour violations, during the period within four years from the filing of

16   this Complaint and continuing through trial.

17        14.     Plaintiff reserves the right to amend the Class definition if further investigation and

18   discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

19   Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a

20   controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-

21   conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice,

22   or judicial officer presiding over this matter and the member of their immediate families and judicial

23   staff.

24        15.     All members of the Class and any subclass were and are similarly affected by labor code

25   violations by Defendant, and the relief sought herein is for the benefit of Plaintiff and member of the

26   Class and any subclass.

27        16.     Plaintiff will fairly and adequately represent and protect the interests of the members of

28   the Class.

-4-

1      17.    A true and correct copy of the Notice correspondence showing compliance with the

2  Labor Code §2699.3 is attached as Exhibit "A" and demonstrates that Plaintiff is an aggrieved employee

3  and has standing to bring a representative action on behalf of the State of California Labor and

4  Workforce Development Agency (LWDA) and as a private attorney general. No notice of cure by

5  Defendant was provided and no notice of investigation was received from the LWDA in the statutorily

6  proscribed 60-day period since the submission of the notice of the action. Accordingly, Plaintiff files

7  this action as a "Representative Action" as provided by California Code of Civil Procedure as

8  specifically permitted and authorized by Labor Code §2699.3(a)(2)(C).

9

10                **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

11      18.    Plaintiffs are informed and believe, and based thereon alleges, that there exists such a

12  unity of interest and ownership between MARRIOTT and DOES 1-20 that the individuality and

13  separateness of defendants have ceased to exist.

14      19.    Plaintiffs are informed and believe, and based thereon alleges, that despite the formation

15  of purported corporate existence, MARRIOTT and DOES 1-20 are, in reality, one and the same as

16  MARRIOTT, including, but not limited to because:

17        a.    MARRIOTT is completely dominated and controlled by DOES 1-20, who

18  personally committed the frauds and violated the laws as set forth in this complaint, and who have

19  hidden and currently hide behind MARRIOTT to perpetrate frauds, circumvent statutes, or accomplish

20  some other wrongful or inequitable purpose.

21        b.    DOES 1-20 derive actual and significant monetary benefits by and through

22  MARRIOTT unlawful conduct, and by using MARRIOTT as the funding source for their own personal

23  expenditures.

24        c.    MARRIOTT and DOES 1-20, while really one and the same, were segregated to

25  appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

26  accomplishing some other wrongful or inequitable purpose.

27        d.    MARRIOTT does not comply with all requisite corporate formalities to maintain

28  a legal and separate corporate existence.

1       e.      The business affairs of MARRIOTT and DOES 1-20 are, and at all times relevant
2   were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in
3   inextricable confusion. MARRIOTT is, and at all times relevant hereto was, used by DOES 1-20 as a
4   mere shell and conduit for the conduct of certain of MARRIOTT's affairs, and is, and was, the alter ego
5   of DOES 1-20. The recognition of the separate existence of MARRIOTT would not promote justice, in
6   that it would permit MARRIOTT to insulate themselves from liability to Plaintiffs for violations of the
7   Government Code and other statutory violations. The corporate existence of MARRIOTT and DOES 1-
8   20 should be disregarded in equity and for the ends of justice because such disregard is necessary to
9   avoid fraud and injustice to Plaintiffs herein.

10      20.     Accordingly, MARRIOTT constitutes the alter ego of DOES 1-20, and the fiction of
11  their separate corporate existence must be disregarded.

12      21.     As a result of the aforementioned facts, Plaintiffs are informed and believes, and based
13  thereon alleges that MARRIOTT and DOES 1-20 are Plaintiffs' joint employers by virtue of a joint
14  enterprise, and that Plaintiffs were employees of MARRIOTT and DOES 1-20. Plaintiffs performed
15  services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all
16  Defendants shared control of Plaintiffs as employees, either directly or indirectly, and the manner in
17  which MARRIOTT's business was and is conducted.

18      22.     Alternatively, Plaintiffs are informed and believe and, based thereupon allege, that as
19  and between DOES 1-20 and MARRIOTT, (1) there is an express or implied agreement of assumption
20  pursuant to which DOES 1-20 agreed to be liable for the debts of MARRIOTT, (2) the transaction
21  between DOES 1-20, and MARRIOTT amounts to a consolidation or merger of the two corporations,
22  (3) DOES 1-20 is a mere continuation of MARRIOTT, or (4) the transfer of assets to DOES 1-20 is for
23  the fraudulent purpose of escaping liability for MARRIOTT's debts. Accordingly, DOES 1-20 are the
24  successors of MARRIOTT, and are liable on that basis.

25
26
27
28

## FACTUAL ALLEGATIONS

23.     During all, or a portion, of the one-year period before Plaintiffs filed Notices of their claims with the LWDA, Plaintiffs and each of the aggrieved employees seek to represent were employed by Defendants and each of them, in the State of California.

24.     California Labor Code section 204 provides that all wages earned are due payable at least twice each month, and section 1194 provides that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the minimum wage is entitled to recover in a civil action the unpaid balance of their minimum wages, including interest thereon, reasonable attorney's fees, and costs of suit.

25.     Plaintiffs and each aggrieved employees were non-exempt employees covered under one or more Industrial Welfare Commission (IWC) Wage Orders, including 5-2001 ("Wage Orders"), and Labor Code Section 1182.12, 1194, 1194.2, 1197, and/or other applicable wage orders, regulations and statutes, and were not subject to an exemption for executive, administrative, professional employees, or any other exemption, which imposed an obligation on the part of the Defendants to pay Plaintiffs and each aggrieved employees lawful compensation, including payment of minimum wages. Defendants were obligated to pay Plaintiffs and the aggrieved employees compensation for all hours worked. At all relevant times, Defendants employed 26 or more employees.

26.     Defendants required the Plaintiffs and aggrieved employees to work regular wages but did not pay lawful wages, in violation of the various above applicable Wage Orders, regulations, statutes, and ordinances.

27.     Labor Code section 226.7 provides that an employer shall not require an employee to work during a rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission.

28.     Plaintiffs and each aggrieved employee were non-exempt employees covered under one or more Industrial Welfare Commission (IWC) Wage Orders, including 5-2001 ("Wage Orders"), and Labor Code Sections 226.7, 512, and/or other applicable wage orders, regulations and statutes, and were not subject to an exemption for executive, administrative, professional employees, or any other exemption, which imposed an obligation on the part of the Defendants to pay Plaintiffs and each

1 aggrieved employee lawful compensation. The IWC Wage Order No. 5-2001 provides that "the

2 authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes

3 net rest time per four (4) hours or major fraction thereof."

4     29.    Defendants required the Plaintiffs and aggrieved employees to work through their rest

5 breaks but did not pay lawful wages, in violation of the various above applicable Wage Orders,

6 regulations, statutes, and ordinances.

7     30.    Defendants were obligated to pay Plaintiffs and the aggrieved employees one (1) hour's

8 compensation for each rest and meal period interrupted or not provided to them. Defendants failed to

9 pay all missed rest and meal period compensation due.

10     31.    Defendants, and each of them, consistently violated Labor Code §226 by failing to

11 provide Plaintiff and members of the aggrieved employees accurate, itemized wage statements.

12     32.    Business and Professions Code, section 17203, provided that any person who engages in

13 unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions

14 Code, section 17204 provides that any person who has suffered actual injury and has lost money or

15 property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

16     33.    Plaintiffs reserve the right to amend of modify the definitions of aggrieved employees

17 with respect to issues or in any other way.

18

19 **FIRST CAUSE OF ACTION**

20 **FOR FAILURE TO PAY WAGES DUE**

21 **LABOR CODE §§201, 226.7**

22 **AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

23     34.    Plaintiffs re-allege and incorporates by reference Paragraphs 1 through 33, inclusive, as

24 though set forth in full herein.

25     35.    At all relevant times, Defendants failed and refused to pay Plaintiffs wages earned and

26 required by 8 Code of Regulations §11090, as set forth hereinabove. As alleged herein, Defendants

27 routinely failed to pay Plaintiffs and other aggrieved employees minimum wages, overtime wages,

28

1   compensation for missed rest and meal breaks and failed to pay wages for unused vacation time and
2   sick leave.

3       36.    As alleged herein, Plaintiffs were not exempt from the requirements of Labor Code §510,
4   8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 5-2001.

5       37.    Plaintiffs have been deprived of Plaintiffs' rightfully earned compensation as a direct
6   and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiffs are entitled
7   to recover such amounts, plus interest thereon, attorneys' fees and costs.

8

9   <div align="center">**SECOND CAUSE OF ACTION**</div>
10   <div align="center">**FOR FAILURE TO PROVIDE REST BREAKS**</div>
11   <div align="center">**LABOR CODE §§226.7**</div>
12   <div align="center">**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**</div>

13       38.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 33, inclusive, as
14   though set forth in full herein.

15       39.    Labor Code §226.7 requires an employer to provide every employee with an
16   uninterrupted rest period of not less than 10 minutes, for every period worked in excess of four hours.

17       40.    Defendants failed and refused to provide Plaintiffs with uninterrupted rest periods, and
18   failed to compensate Plaintiffs for missed rest periods, as required by Labor Code §§226.7 and the
19   applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 5-
20   2001, as follows.

21       41.    Plaintiffs have been deprived of wages for missed rest breaks due in amounts to be
22   determined at trial.

23       42.    As alleged herein, Plaintiffs are not exempt from the rest break requirements of 8 Code
24   of Regulations §11090 and Industrial Welfare Commission Order No. 5-2001. Consequently, Plaintiffs
25   are owed one hour of pay at their then regular hourly rate, or the requisite minimum wage, whichever
26   is greater, for each day that they were denied such rest periods.

27       43.    Plaintiffs have been deprived of their rightfully earned compensation for rest breaks as
28   a direct and proximate result of Defendants' failure and refusal to pay said compensation.

<div align="center">-9-</div>
<div align="center">COMPLAINT FOR DAMAGES</div>

1    44.    Thus, for the entirety of the time periods set forth above, Plaintiffs are entitled to recover
2    such amounts to be determined at trial pursuant to Labor Code §226.7(b), plus interest thereon and costs
3    of suit.

### THIRD CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS

### LABOR CODE §§226 ET SEQ.

### AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

8    45.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 33, inclusive, as
9    though set forth in full herein.

10   46.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-
11   exempt employees with itemized statements showing total hours worked, hourly wages, gross wages,
12   total deductions and net wages earned. An employer who violates these code sections is liable to its
13   employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for
14   the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay
15   period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is
16   deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement
17   at all.

18   47.    In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates
19   Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation
20   occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

21   48.    At all relevant times, Defendants failed to provide the Plaintiffs with timely and accurate
22   wage and hour statements showing gross wages earned, total hours worked, all deductions made, net
23   wages earned, the name and address of the legal entity employing Plaintiffs and all applicable hours and
24   rates in effect during each pay period and the corresponding number of hours worked at each hourly
25   rate by Plaintiffs. Not one of the paystubs that Plaintiffs received complied with Labor Code §226, and
26   contained almost none of the required information, including hours actually worked and compensation
27   for missed rest periods.

28   49.    As alleged herein, Plaintiffs are not exempt from the requirements of Labor Code §226.

50.     This failure has injured Plaintiffs by misrepresenting and depriving them of hour, wage, and earnings information to which each of them is entitled, causing each of them difficulty and expense in attempting to reconstruct time and pay records, causing each of them not to be paid wages they are entitled to, causing each of them to be unable to rely on earnings statements in dealings with third parties, eviscerating their right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving them regarding their entitlement to rest period wages.  For the time periods that Plaintiffs were not provided with paystubs at all, their aforementioned injuries are presumed as a matter of law.

51.     Plaintiffs were paid on a bi-weekly basis, and therefore Defendants violated Labor Code §226 numerous times during the last year that Plaintiffs.  Consequently, Defendants are liable to Plaintiffs for each of their actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

52.     In addition thereto, Plaintiffs are each entitled to civil penalties pursuant to Labor Code §226.3 in the amount to be determined at trial.

53.     Based on Defendant's conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### FOR PRIVATE ATTORNEY GENERAL ACT
### LABOR CODE §2699
### AGAINST DEFENDANTS AND DOES 1-20, INCLUSIVE

54.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 53, inclusive, as though set forth in full herein.

55.     Under Labor Code §2699, Plaintiffs, as aggrieved employees, may bring an action against Defendants, on behalf of themselves and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

1    56.    Plaintiffs were aggrieved employees within the meaning of Labor Code §2699(a) and

2  2699.3(a), as Defendants have committed multiple California Labor Code violations against him, as

3  previously pleaded in this Complaint.

4    57.    On May 24, 2018, more than 60 calendar days before filing this Complaint, Plaintiffs

5  provided written notice by online filing to the Labor and Workforce Development Agency and to

6  Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby

7  satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 226,

8  227.3, 246, 226.7, 512, 1182.12, 1194, 1194.2, 1197, each of which is enumerated among the serious

9  violations set forth in Labor Code §2699.5. Attached herein as Exhibit "1" and incorporated herein by

10  this reference is a true and correct copy of Plaintiffs' Private Attorney General Act notice.

11    58.    Under Labor Code §2699.3(c)(2)(A), Defendants may cure alleged violations within 33

12  calendar days of the postmarked date of the written notice sent by Plaintiffs.  As of the filing of this

13  Complaint, Defendants have not cured such violations within the specified time period.  Consequently,

14  Plaintiffs may now commence a civil action, pursuant to Labor Code §2699.3

15    59.    As of the filing of this Complaint, Plaintiffs have not received any response from the

16  Labor and Workforce Development Agency on its intent to pursue an action against Defendants.

17  Consequently, Plaintiffs may now commence a civil action, pursuant to Labor Code §2699.3.

18    60.    As a direct and proximate result of Defendants' California Labor Code violations as set

19  forth in this Complaint, Plaintiffs are entitled to civil penalties of $100 for each aggrieved employee per

20  pay period for the initial violation, and $200 for each aggrieved employee per pay period for each

21  subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly

22  providing for a penalty, and civil penalties provided by the specific Labor Code sections that do

23  expressly provide for a penalty, §§226, 226.3, and 226.7.

24    61.    Plaintiffs, as personal representatives of the general public, will and do seek to recover

25  any and all penalties for each and every violation shown to exist or to have occurred during the one year

26  period before Plaintiffs filed Notice with the LWDA of their intent to bring this action, in an amount

27  according to proof, as to those penalties that are otherwise only available to public agency enforcement

28  actions.  Funds recovered will be distributed in accordance with the PAGA, with at least 75% of the

1 penalties recovered being reimbursed to the State of California and the Labor and Workforce
2 Development Agency.  Plaintiffs are also entitled to reasonable attorney's fees and costs, and 25% of
3 the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).
4
5 <div align="center">**FIFTH CAUSE OF ACTION**</div>
6 <div align="center">**FOR UNFAIR COMPETITION**</div>
7 <div align="center">**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**</div>
8 <div align="center">**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**</div>
9     62.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 61, inclusive, as
10 though set forth in full herein.
11     63.    Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare
12 Commission Order No. 5-2001, Labor Code §§226, 226.7, 227.3, 246, 512, 1182.12, 1194, 1194.2,
13 1197, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal
14 to provide wages for missed rest break compensation, Defendants' failure to provide timely and accurate
15 wage and hour statements and Defendants' failure to maintain complete and accurate payroll records
16 for the Plaintiffs, constitute unfair business practices in violation of Business & Professions Code
17 §§17200, et seq.
18     64.    As a result of Defendants' unfair business practices, Defendants have reaped unfair
19 benefits and illegal profits at the expense of Plaintiffs and members of the public.  Defendants should
20 be made to disgorge their ill-gotten gains and restore such monies to Plaintiffs.
21     65.    Defendants' unfair business practices entitle Plaintiffs to seek preliminary and
22 permanent injunctive relief, including but not limited to orders that the Defendants account for,
23 disgorge, and restore to the Plaintiffs the monies and benefits unlawfully withheld from Plaintiffs.
24
25 <div align="center">**PRAYER FOR RELIEF**</div>
26 **WHEREFORE**, Plaintiffs seek judgment against Defendants and each of them, in an amount according
27 to proof but estimated to be no less than an amount according to proof:
28     1.   For failure to pay wages due pursuant to Labor Code §§226.7, 227.3, 246, 512,

<div align="center">-13-</div>

1  1182.12, 1194, 1194.2, 1197 and Industrial Welfare Commission Order No. 5-2001, and 8 Code of

2  Regulations §11090, in the amount according to proof;

3      2.      For statutory penalties or damages pursuant but not limited to Labor Code §558(a) in the

4  amount according to proof;

5      3.      For payment of rest period compensation pursuant to Labor Code §§226.7 and 512 in

6  the amount according to proof;

7      4.      For damages pursuant to Labor Code §226 in the amount according to proof;

8      5.      For statutory penalties or damages pursuant to Labor Code §226.3 in the amount

9  according to proof;

10     6.      For statutory penalties pursuant to Labor Code §2699(f), in the amount in the amount

11  according to proof on Plaintiffs' own behalf, and similar amounts on behalf of all of Defendants'

12  aggrieved employees;

13     7.      For prejudgment interest on each of the foregoing at the legal rate from the date the

14  obligation became due through the date of judgment in this matter;

15  **WHEREFORE,** Plaintiffs further seek judgment against Defendants, and each of them, in an amount

16  according to proof, as follows:

17     8.      For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful

18  conduct, failure to pay wages and other compensation in accordance with the law;

19     9.      For costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code,

20  and/or any other basis;

21     10.     For post-judgment interest; and

22     11.     For any other relief that is just and proper.

23

DATED: August 21, 2018                    LAW OFFICES OF RAMIN R. YOUNESSI
24                                          A PROFESSIONAL LAW CORPORATION

25

26                              By: _____
                                    Ramin R. Younessi, Esq.
27                                  Attorney for Plaintiffs,
                                    BLANCA ARGELIA ARIAS
28                                  individually and on behalf of herself
                                    and others similarly situated

-14-

1

2        **JURY TRIAL DEMANDED**

3    Plaintiff demands trial of all issues by jury.

4    DATED:  August 21, 2018              LAW OFFICES OF RAMIN R. YOUNESSI
                                          A PROFESSIONAL LAW CORPORATION
5

6

7                                        By:
                                             Ramin R. Younessi, Esq.
8                                            Attorney for Plaintiffs,
                                             BLANCA ARGELIA ARIAS
9                                            individually and on behalf of herself
                                             and others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   -15-
                          COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ramin R. Younessi, Esq. (SBN 175020)<br>Law Offices of Ramin R. Younessi A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO: (213) 480-6200   FAX NO: (213) 480-6201<br>ATTORNEY FOR (Name): Plaintiff, Blanca Argelia Arias | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 23 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Brittny Smith, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER BC 719073 |
|---|---|---|---|
| ☒ Unlimited<br>(Amount demanded exceeds $25,000) | ☒ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Five (5)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 21, 2018
Ramin R. Younessi, Esq.
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | CASE NUMBER | BC719073 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|
| | Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | CASE NUMBER | |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6008 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Blanca Argelia Arias v. Residence Inn By Marriott, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br> ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 21 West Walnut Street |
|---|---|

| CITY: Pasadena | STATE: CA | ZIP CODE: 91103 | |
|---|---|---|---|

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August 2 2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>COURTHOUSE ADDRESS:<br>111 North Hill Street, Los Angeles, CA 90012<br><br>NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL – CLASS ACTION/COMPLEX | Reserved for Clerk's File Stamp<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**AUG 23 2018**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Brittny Smith, Deputy |
|---|---|
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>**BC 719073** |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 6 | 211 | | | | |
| | Hon. William F. Highberger | 10 | 10 | | | | |
| | Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| ✓ | Hon. Kenneth Freeman | 14 | 14 | | | | |
| | Hon. Ann Jones | 11 | 11 | | | | |
| | Hon. Maren E. Nelson | 17 | 17 | | | | |
| | Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | | *Provisional complex (non-class action) case assignment pending complex determination | 14 | Supervising Judge 14 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____ AUG 2 3 2018

LACIV 190 (Rev 12/17)
LASC Approved 05/06

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____ Brittny Smith _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**        FAX NO. (Optional):<br>**E-MAIL ADDRESS (Optional):**<br>**ATTORNEY FOR (Name):** | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

_____          _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.:      FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.    File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.   Include a brief summary of the dispute and specify the relief requested; and

        iii.   Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.    Also be filed on the approved form (copy attached);

        ii.   Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Date:

_____     _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                    FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

- **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

- **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

   In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

   **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

   The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

   In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

<div style="text-align:center">

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

</div>

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Transmission Report

| | | | |
|---|---|---|---|
| Date/Time | 09-10-2018 | 01:32:06 p.m. | Transmit Header Text |
| Local ID 1 | 213 480 6201 | | Local Name 1 |

Law Office of Ramin R. Youness

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"

MC-005

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Ramin R. Younessi, Esq. (SBN 175020); Samvel Gushgian, Esq.(SBN 300470)
Law Offices of Ramin R. Younessi, APLC
3435 Wilshire Blvd., Ste. 2200
Los Angeles, CA 90010
TELEPHONE NO.: (213) 480-6200     FAX NO. (Optional): (213) 480-6201
E-MAIL ADDRESS (Optional): sgushgian@younessilaw.com
ATTORNEY FOR (Name): Plaintiff, Angel Velasquez

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: Angel Velasquez

DEFENDANT/RESPONDENT: Culver City Motor Care Inc., et al.

**FACSIMILE TRANSMISSION COVER SHEET**

CASE NUMBER:
BC706810

TO THE COURT:
1. Please file the following transmitted documents in the order listed below:

Document name                                                    No. of pages
Civil Deposit                                                         1

**Please charge $150.00 for Jury Deposit Fee

2. ☐ Processing Instructions consisting of: _____ pages are also transmitted.

3. ☑ Fee required   ☑ Filing fee   ☑ Fax fee (Cal. Rules of Court, rule 10.815)
   a. ☑ Credit card payment I authorize the above fees and any amount imposed by the card issuer or draft purchaser to be charged to the following account:
      ☐ VISA  ☑ MASTERCARD   Account No.: 5474 1517 8097 3845 Expiration date: 06/20

Jennifer Flores
(TYPE OR PRINT NAME OF CARDHOLDER)                      (SIGNATURE OF CARDHOLDER)

   b. ☐ Attorney account (Cal. Rules of Court, rule 2.304). Please charge my account no.:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
MC-005 [Rev. January 1, 2007]

**FACSIMILE TRANSMISSION COVER SHEET**
(Fax Filing)

Cal. Rules of Court, rule 2.304
www.courtinfo.ca.gov

Total Pages Scanned : 2          Total Pages Confirmed : 2

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|-----|-----|----------------|------------|----------|-------|------|------|----------|---------|
| 001 | 887 | LASC | 01:30:50 p.m. 09-10-2018 | 00:00:55 | 2/2 | 1 | EC | HS | CP14400 |

Abbreviations:
HS: Host send          PL: Polled local      MP: Mailbox print     CP: Completed        TS: Terminated by system
HR: Host receive       PR: Polled remote     RP: Report            FA: Fail             G3: Group 3
WS: Waiting send       MS: Mailbox save      FF: Fax Forward       TU: Terminated by user   EC: Error Correct