# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV18-08818-RGK (JPRx) | Date | November 16, 2018 |
| Title | *BLANCA ARGELIA ARIAS v. RESIDENCE INN, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On August 23, 2018, Blanca Argelia Arias ("Plaintiff") filed a class action complaint against Residence Inn by Marriott, LLC and Marriott Int'l, Inc. ("Defendants") alleging state statutory claims based on Defendants' alleged failure to compensate its employees for wages, and missed rest and meal break premiums, and failure to issue accurate itemized wage statements.

On October 12, 2018, Defendants removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship under the Class Action Fairness Act(" CAFA"). Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332(d)(2), district courts shall have original jurisdiction over any civil action in which (1) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege the amount in controversy, the removing defendant must supply this jurisdictional fact in the Notice of Removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Defendants calculate the amount in controversy by making significant assumptions. For example, Defendants assume 30 minutes per week of unpaid overtime for each class member, and missed rest breaks of anywhere from one to five days a week. Defendants also include attorneys fees by estimating 25 percent of the amount in controversy they previously calculated using the aforementioned assumptions.

Equally valid assumptions could be made that result in damages that are less than the requisite $5,000,000 amount in controversy. Without any evidence supporting Defendants' assumptions, the Court finds Defendants' calculations unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV18-08818-RGK (JPRx) | Date | November 16, 2018 |
|---|---|---|---|
| Title | ***BLANCA ARGELIA ARIAS v. RESIDENCE INN, et al*** | | |

In short, Defendants ask the Court to speculate as to the number of overtime hours worked and the number of missed meal periods and rest breaks taken. The Court cannot base jurisdiction on Defendants' speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Moreover, District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

Accordingly, Defendants have failed to satisfy their burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                                 :

Initials of Preparer